UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE JARAMILLO, </br></br> Plaintiff, </br></br> v. </br></br> CAROLYN W. COLVIN, ACTING COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION,[1/] </br></br> Defendant. | Case No. ED CV 13-0681 JCG </br></br> **MEMORANDUM OPINION AND ORDER** |

Jorge Jaramillo ("Plaintiff") challenges the Social Security Commissioner's decision denying his application for disability benefits. Plaintiff contends that the Administrative Law Judge ("ALJ") failed to consider Plaintiff's limited ability to communicate in English in his step-five determination. (Joint Stip. at 3-13.) The Court agrees with Plaintiff for the reasons discussed below.

    A.    <u>An ALJ Must Consider a Claimant's Ability to Communicate in English in his Step-Five Determination</u>

A claimant is disabled if he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less

---

[1/] Carolyn W. Colvin is substituted as the proper defendant herein. *See* Fed. R. Civ. P. 25(d).

than twelve months." 42 U.S.C. § 423(d)(1)(A) (1982). The burden rests with the claimant to show that he is disabled in the first four steps of the disability analysis. *Hoffman v. Heckler*, 785 F.2d 1423, 1424 (9th Cir. 1986). However, once a claimant establishes a prima facie case that a severe impairment prevents him from performing his past work, at step five, "the burden of proof shifts to the Secretary to show that the claimant can do other kinds of work."[2] *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *see also Smolen v. Chater*, 80 F.3d 1273, 1291 (9th Cir. 1996).

An ALJ must consider a claimant's ability to communicate in English at step five when evaluating whether he or she can perform a given job. 20 C.F.R § 416.964(b)(5).[3] Once the vocational expert ("VE") proposes a particular position, an ALJ is required "to address the language requirement, make a factual finding as to whether Plaintiff could meet it, and set forth the basis for his finding in his decision." *Guzman v. Astrue*, 2010 WL 1929563, at *1 (C.D. Cal. May 10, 2010); *see Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001) ("To rely on a job description in the [Dictionary of Occupational Titles ("DOT")] that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation.").

While a claimant is not per se disabled if he cannot communicate in English, *Pinto*, 249 F.3d at 847, the failure to consider language deficiencies in conjunction with a claimant's physical limitations "is an error of law, even in cases where those physical problems do not themselves amount to a disability as defined by the Act." *Karp v. Schweiker*, 539 F. Supp. 217, 220 (N.D. Cal. 1982) (*citing Benitez v.*

---

[2] Because literacy, or education level, is relevant only to this latter inquiry and not to the existence of a disability, it follows that the Commissioner bears the burden of establishing this factor. *Silveira v. Apfel*, 204 F.3d 1257, 1261 n.14 (9th Cir. 2000).

[3] "It generally doesn't matter what other language a person may be fluent in." 20 C.F.R § 404.1564(b)(5).

*Califano*, 573 F.2d 653 (9th Cir. 1978)); *see Calderon v. Astrue*, 2009 WL 379008, at *10 (E.D. Cal. Nov. 10, 2010) (finding error where ALJ concluded that claimant could communicate in English "at a sufficient level" without determining what claimant meant when he said that he can read and write "a little bit" in English); *Rodriguez v. Astrue*, 2013 WL 458176, at *2-3 (C.D. Cal. Feb. 5, 2013) (burden not met even though claimant had been in the United States since 1972, had some education in the United States, and could speak English "a little bit").

### B. The ALJ Failed to Address Plaintiff's Language Limitations in his Step-Five Determination

In this case, the ALJ failed to address whether Plaintiff met Language Level 1[4/] as required for those positions identified by the VE. Plaintiff appeared through an interpreter at his disability hearing. (*See* Administrative Record ("AR") at 29.) There, he testified that he can read and write in English "a little bit." (*Id.* at 33-34.) He can also speak English, but "not correctly." (*Id.* at 34.) Plaintiff further indicated that his previous employers would agree that he could not speak English very well. (*Id.*) The ALJ acknowledged as much in his decision. (*Id.* at 17.) Moreover, the ALJ did not challenge the credibility of Plaintiff's testimony regarding his language deficiencies. (*Id.*; *see Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1979) ("General [credibility] findings are insufficient; rather the ALJ must identify what testimony is not credible" and what evidence undermines that testimony")).

---

[4/]  The DOT defines Level 1 Language as follows:
   Reading: Recognize meaning of 2,500 (two- or three-syllable) words. Read at rate of 95–120 words per minute. Compare similarities and differences between words and between series of numbers. Writing: Print simple sentences containing subject, verb, and object, and series of numbers, names, and addresses. Speaking: Speak simple sentences, using normal word order, and present and past tenses.
Appendix C, 1991 WL 688702.

Nevertheless, the ALJ did not include Plaintiff's language limitation in his hypotheticals to the VE. (*See* AR at 22.) Nor did he make any factual finding as to whether Plaintiff met the requisite language level for the positions that the VE identified. (*See id.* at 22.) Similar to *Calderon*, the ALJ apparently determined that Plaintiff could communicate at a sufficient level without determining what Plaintiff meant when he said that he can read and write in English "a little bit." *See* 2009 WL 379008, at *10. As such, the ALJ erred in finding that Plaintiff could perform those positions identified by the VE.

Accordingly, for the reasons stated above, the Court determines that the ALJ's decision is not supported by substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001).

### C. Remand is Warranted

With error established, this Court has discretion to remand or reverse and award benefits. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). Where no useful purpose would be served by further proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004). But where there are outstanding issues that must be resolved before a determination can be made, or it is not clear from the record that the ALJ would be required to find plaintiff disabled if all the evidence were properly evaluated, remand is appropriate. *See id.* at 594.

Here, in light of the ALJ's error, Plaintiff's language limitations must be addressed. Therefore, on remand, the ALJ shall evaluate whether Plaintiff can communicate in English at Language Level 1.

Based on the foregoing, IT IS ORDERED THAT judgment shall be entered **REVERSING** the decision of the Commissioner denying benefits and **REMANDING** the matter for further administrative action consistent with this decision.

Dated: December 18, 2013

                                                         _____
                                                            Hon. Jay C. Gandhi
                                                       United States Magistrate Judge